IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. GONZALES III,

    Plaintiff,

    v.                                                No. CIV 14-0751 WJ/LAM

MAJOR LORENZO SILVA, JOHN DOE I,
JOHN DOE II, JANE DOE I,
TAOS COUNTY ADULT DETENTION CENTER.

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Notice of Tort Claim (Doc. 1), construed herein as his original civil rights complaint, and his amended Civil Rights Complaint (Doc. 5) (together the "complaint"). Plaintiff was a pretrial detainee when he filed his original pleading, and he has now been released. He appears pro se and has moved for leave to proceed in forma pauperis (IFP) (Docs. 2, 6). The IFP motions will be granted, and for reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff asserts claims arising from his detention at the Taos County, New Mexico, Adult Detention Center. His original complaint names a number of Defendants. Plaintiff alleges that Defendant Silva caused him to be strip-searched in view of female guards and subjected him to other unconstitutional conditions of confinement. For relief, Plaintiff seeks damages.

Plaintiff makes no allegations against the Doe Defendants or the Detention Center affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state employee may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates supervised by the official. *See id*. Furthermore, as the Court of Appeals for the Tenth Circuit has noted, "[d]ismissal against [a detention center is] . . . required because a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). The Court will dismiss Plaintiff's claims against the Doe Defendants and Defendant Taos County Adult Detention Center.

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed in forma pauperis (Docs. 2, 6) are GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against the Doe Defendants and Defendant Taos County Adult Detention Center are DISMISSED; and the Doe Defendants and

Defendant Taos County Adult Detention Center are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 5) and this Order, for Defendant Major Silva.

_____
UNITED STATES DISTRICT JUDGE