IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSEPH E. GONZALES III,**

   Plaintiff,

v.                                                                    No. CV 14-0751 WJ/LAM

**LORENZO SILVA,**

   Defendant.

# ORDER TO FILE A MARTINEZ REPORT
# AND SETTING DEADLINES FOR DISPOSITIVE MOTIONS

**THIS MATTER** is before the Court *sua sponte* following a review of the record. Plaintiff is proceeding *pro se* and *in forma pauperis*. On August 20, 2014, Plaintiff filed a document titled "Notice of Tort Claim" [*Doc. 1*], which the Court construes as his original Civil Rights Complaint under 42 U.S.C. § 1983, and, on October 1, 2014, he filed an amended Civil Rights Complaint [*Doc. 5*]. On February 11, 2015, the Court dismissed Plaintiff's claims against the Doe Defendants and Defendant Taos County Adult Detention Center. *See* [*Doc. 7* at 2]. The remaining claims in this case are that Defendant Silva caused Plaintiff to be strip-searched in view of female guards and subjected him to other unconstitutional conditions of confinement. *Id.* Defendant Silva filed an answer to the complaint in which he asserts twenty affirmative defenses, including that Plaintiff has failed to state a claim for relief (*Doc. 10* at 3), that Defendant Silva is entitled to qualified immunity (*id.* at 5), that Defendant Silva did not personally participate in the conduct alleged (*id.* at 6), and that Plaintiff has failed to exhaust his administrative remedies (*id.* at 7). No dispositive motions have been filed in this case.

Because Plaintiff is proceeding *pro se*, and because the Court needs further information to evaluate the merits of his claims against Defendant Silva, the Court will require Defendant Silva to prepare a *Martinez* report to assist the Court in evaluating Plaintiff's claims against him. The Court will also require Defendant Silva to prepare and file dispositive motions, including any motion asserting qualified immunity, to assist the Court in evaluating Plaintiff's claims.

Under *Martinez v. Aaron*, 570 F.2d 317, 319-320 (10th Cir. 1978), this Court may order Defendant Silva to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of his investigation in order to develop a factual or a legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987) ("[T]he district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal discipline rules and reports."). A *Martinez* report may be used in a variety of contexts, including a motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

**IT IS THEREFORE ORDERED** that:

1. Defendants shall prepare a *Martinez* report addressing the claims raised in Plaintiff's Complaint and Amended Complaint [*Docs. 1* and *5*] by:

    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any officials and other persons who dealt directly with Plaintiff concerning the matters that are the subject of his claims or who have knowledge of such matters; whether any records or documents exist pertaining to such matters and, if so, a description of those records and

documents and of their contents; and whether any policies, procedures, rules or regulations address the matters that are the subject of his claims and, if so, a description of those policies, procedures, rules or regulations and their contents;

      b.      Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraph "a";

      c.      Providing affidavits in support of the report, if necessary; and

      d.      Providing copies of any prison administrative grievance procedures for inmate complaints about the matters that are the subject of Plaintiff's claims **in effect during the time period at issue in Plaintiff's claims**, and copies of all records and documents pertaining to Plaintiff's exhaustion of administrative remedies with respect to his claims. **Defendants are cautioned to carefully review the materials they submit regarding prison administrative grievance procedures, and all other materials submitted as part of the *Martinez* report, to ensure that such materials were in effect during the time period at issue. If, during that time period, relevant materials were amended or revised, Defendants shall submit copies of all relevant versions of the materials, indicating the content and effective date of any amendments or revisions that were made**.

      2.      The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of records and documents alone, or records and documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order.

      3.      **All records and documents submitted with the *Martinez* report must be submitted with an index. The index must identify each record and document submitted, by number, and each record and document must be marked with a tab or label showing its**

**number.   Additionally, the report and each record and document submitted with the report must have its pages numbered using a Bates stamp, or similar numbering system, that numbers each page consecutively.**

4. The report, and all records and documents submitted with the report, must be clear and legible.  In addition to the copies that are filed with the Court and served on Plaintiff, a complete copy of the filed report must be provided to the undersigned's chambers in a binder that is fully tabbed to correspond to the index and exhibit labels, and includes the CM-ECF page numbers appearing in the header of the filed report.

5. **THE PARTIES SHALL FILE THEIR *MARTINEZ* REPORT DOCUMENTS AS SEPARATE DOCUMENTS AND SHALL NOT COMBINE THEIR MARTINEZ REPORT DOCUMENTS WITH ANY MOTION, RESPONSE TO A MOTION OR REPLY IN SUPPORT OF A MOTION.  THE PARTIES SHALL CITE TO THE *MARTINEZ* REPORT IN ANY DISPOSITIVE MOTIONS THEY FILE**.

6. Defendant Silva shall file and serve his *Martinez* report and dispositive motions **on or before May 15, 2015**;

7. Plaintiff shall file and serve his response to the *Martinez* report and his responses to Defendant Silva's dispositive motions **on or before June 1, 2015**; and

8. Defendants shall file and serve their replies, if any, to Plaintiff's responses on or before **June 18, 2015**.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte*.  As such, the parties should submit whatever materials they consider relevant to Plaintiff's claims and Defendant Silva's defenses in their submissions related to the *Martinez* report

5

including, but not limited to, any counter-affidavits or other responsive material. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**