IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH E. GONZALES III,

     Plaintiff,

v.                              No. CV 14-0751 WJ/LAM

LORENZO SILVA,

     Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on ***Defendant's Martinez Report*** [*Doc. 13*] and motion for summary judgment [*Doc. 14*], both filed on May 15, 2015.   Plaintiff did not file a response to either the *Martinez* report or motion for summary judgment, and the time for doing so has passed.   *See* [*Doc. 11* at 4] (order setting deadline of June 1, 2015 for Plaintiff to respond to the *Martinez* report and Defendant Silva's dispositive motions).   On June 12, 2015, Defendant filed a ***Notice of Completion of Briefing*** *(Doc.15)*.   United States District Judge William P. Johnson referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.   [*Doc. 12*].   "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes

---

[1]   **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.   A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.   Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

consent to grant the motion." D.N.M. LR-Civ. 7.1(b). However, the Court cannot grant a motion to dismiss based solely on Plaintiff's failure to respond and must consider the merits of the motion. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.") (citation omitted). Therefore, having considered the parties' submissions, relevant law, and the record in this case, the undersigned, for the reasons set forth below, recommends that Defendant's motion for summary judgment [*Doc. 33*] be **GRANTED** and that Plaintiff's claims and this case be dismissed with prejudice.

### *Background*

Plaintiff is an inmate proceeding *pro se* and *in forma pauperis*. On August 20, 2014, Plaintiff filed a document titled "Notice of Tort Claim" [*Doc. 1*], which the Court construes as his original Civil Rights Complaint under 42 U.S.C. § 1983, and, on October 1, 2014, he filed an amended Prisoner's Civil Rights Complaint [*Doc. 5*]. On February 11, 2015, the Court dismissed Plaintiff's claims against the John and Jane Doe Defendants and Defendant Taos County Adult Detention Center. *See* [*Doc. 7* at 2]. The remaining claims in this case are that Defendant Silva caused Plaintiff to be strip-searched in view of female guards and subjected him to other unconstitutional conditions of confinement. *Id. See also* Order to file a *Martinez* Report [*Doc. 11* at 1].

### *Legal Standard Under Rule 56*

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial burden of making a prima facie

demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citation omitted).   Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party. *Id.* at 671.   The nonmoving party may not rest on his or her pleadings, but must set forth specific facts "identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein" showing there is a genuine issue for trial.   *Id.* (citations omitted).   "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. . . . An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim."   *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citations omitted).

Because Plaintiff is proceeding *pro se*, the Court must review his pleadings liberally and hold them to less stringent standards than formal pleadings drafted by lawyers.   *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, this does not mean that the Court can "assume the role of advocate for the pro se litigant."   *Id.*

### *Exhaustion of Administrative Remedies*

In his motion for summary judgment, Defendant contends, *inter alia*, that Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff failed to file any grievances during his detention at the Taos County Adult Detention Center ("TCADC"), which is

where the events underlying his claims took place.  *See* [*Doc. 14* at 16-18].   Under 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions.  *See Booth v. Churner*, 532 U.S. 731, 733-34 (2001).   Congress has eliminated both the Court's discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy, and effective.  *Id.* at 739.   Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.  *Id.* at 741, n.6.   Moreover, claims must be fully exhausted through all of the required steps of a prison grievance procedure.  *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.") (citation omitted); *see also Starks v. Lewis*, No. 08-6137, 313 Fed. Appx. 163, 165-66, 2009 WL 427108 (10th Cir. Feb. 23, 2009) (unpublished).

The undisputed evidence before the Court is that the TCADC had a grievance procedure pursuant to the "Taos County Adult Detention Center Detainee Handbook - Revised April 18, 2012," which would have been in effect at all times during Plaintiff's detention period in 2014.  *See* [*Doc. 13-38* at 5] and [*Docs. 13-23*, *13-24*, *13-25*, *13-26*].   Johna Gonzales, Administrator for the TCADC, states in her affidavit that TCADC detainees are provided with a copy of this handbook.  *See* [*Doc. 13-38* at 5].   TCADC Policy Number 6.8 provides that detainees have unimpeded access to Detainee Grievance forms, and that "[a]ny detainees wishing to grieve will fill out the form fully and completely and deposit it in the locked box for his or her unit."   [*Doc. 13-21* at 6].   The grievance procedure set forth in the Detainee Handbook provides that, if a detainee is unable to resolve a complaint informally, the detainee must file a Detainee

Formal Complaint, and that, if this complaint receives a negative decision or remains unresolved for five (5) working days after filing, a formal Grievance Form must be submitted to the Sergeant. [*Doc. 13-26* at 3]. Policy Number 6.8 provides that the Chief of Security will pick up the Grievance Forms and respond to them, and that "[i]f the detainee is not satisfied with the Chief of Security's resolution, he or she may appeal the grievance to the Director." [*Doc. 13-21* at 6].

Defendant contends that Plaintiff failed to exhaust his administrative remedies because he did not file or submit any Grievance Forms while at TCADC in 2014. *See* [*Doc. 14* at 18-19]. Defendant submits an affidavit by Ms. Gonzales, Administrator for the TCADC, in which she states: "I have reviewed all TCADC records related to detainee grievances for the time period of Plaintiff's detention in 2014 (May 1, 2014 until September 22, 2014). Plaintiff did not file or submit any grievances in that time period." [*Doc. 13-39* at 1]. Based on the evidence submitted by Defendant, the Court finds that Defendant has met his burden of making a *prima facie* demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. By failing to respond to Defendant's motion for summary judgment, Plaintiff has failed to meet his resulting burden under Rule 56 to present specific, admissible facts. While Plaintiff states in his amended complaint that he filed several grievances but never received a reply (*see Doc. 5* at 5), Plaintiff fails to state the content of these grievances, and fails to explain why he did not appeal his grievances if he did not receive a reply to them. The Court, therefore, finds that Plaintiff has failed to present specific, admissible facts "identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein" showing there is a genuine issue for trial. *Adler*, 144 F.3d at 671 (citations omitted) (explaining that the nonmoving party may not rest on his or her pleadings when responding to a motion for summary judgment). Therefore, the

Court finds that Plaintiff has failed to show that there is a genuine issue for trial, and recommends that Defendant's motion for summary judgment be granted.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Court recommends that Defendants' motion for summary judgment [*Doc. 14*] be **GRANTED** and that Plaintiff's claims and this case be **DISMISSED with prejudice.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**